UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SURETY TRANSPORTATION, a Utah Corporation, SURETY LEASING GROUP, a Utah LLC, and SURETY TRANSPORTATION AND LOGISTICS, a Utah Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTIAN TRUCKING, a Louisiana LLC, and DYLAN SCOTT FORD, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>Case No. 4:22-cv-00039-HCN-PK<br><br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Paul Kohler |

Before the Court is Defendant Dylan Scott Ford's Motion for Appointment of Counsel.[1] For the reasons discussed below, the Court DENIES the Motion.

The Court notes that Mr. Ford has been representing both himself and Christian Trucking, LLC in this case.[2] The Tenth Circuit and U.S. Supreme Court have held that corporations and other business entities cannot appear in court by an officer who is not an attorney.[3] The local rules in the District of Utah similarly require business entities to appear in court through counsel.[4]

---

[1] Docket No. 13, filed October 3, 2022.

[2] Docket No. 9, filed July 19, 2022.

[3] *See Harrison v. Wahatovas, LLC,* 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing *pro se*."); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201—02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

[4] DUCivR 83-1.3(c) (Individuals may represent themselves in the court. No corporation, association, partnership or other artificial entity may appear *pro se* and must be represented by an attorney who is

1

Christian Trucking, LLC, is a business entity and not a natural person. Thus, Mr. Ford, as an individual and layperson, cannot represent Christian Trucking, LLC.[5] Mr. Ford's Motion seeks only that the Court appoint legal counsel to represent himself as an individual.[6]

Unlike in criminal cases, there is no constitutional right to appointed counsel in civil cases.[7] However, the Court may, in its discretion, request an attorney represent any person unable to afford counsel.[8] In weighing this decision, the Court weighs several factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[9] The party seeking appointment of counsel bears the burden of convincing the Court that there is sufficient merit to his claim(s) to warrant the appointment of counsel.[10]

Here, Defendant Ford does not fully layout the merits of his claims or defenses. Rather than presenting any evidence to support the need for appointed counsel in this case, Mr. Ford's motion merely requests the Court appoint a lawyer to represent him.[11] Nor does he claim that the legal issues in this case are complex or that he is unable to present his own claims. Most importantly, the underlying facts in this case do not appear particularly complex. Thus, the Court finds that Mr. Ford has failed to present evidence of his inability to represent himself.

---

admitted to practice in this court).

[5] *Id*.

[6] Docket No. 13.

[7] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988).

[8] 28 U.S.C. § 1915(e)(1); *see also Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[9] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotations and citations omitted).

[10] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[11] Docket No. 13.

For the reasons discussed above, the Court DENIES the Motion.

SO ORDERED this 4th day of October, 2022.

_____
PAUL KOHLER
United States Magistrate Judge